**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 19-cv-03207-CMA-NYW

KRISTOFER J. KLITZKE, *individually and on behalf of others similarly situated*,

    Plaintiff,

v.

DCP MIDSTREAM, LLC, and
BALANCE ENVIRONMENTAL AND SAFETY SOLUTIONS, INC.,

    Defendants.

---

**ORDER GRANTING BANKRUPTCY TRUSTEE'S MOTION TO INTERVENE**

---

This matter is before the Court on the Bankruptcy Trustee's Motion to Intervene. (Doc. # 56.) For the reasons that follow, the Court finds that Gene Doeling ("Trustee") has established his right to intervene in this matter pursuant to Fed. R. Civ. P. 24(a)(2) and grants the Motion.

## I.    BACKGROUND

Plaintiff, Kristofer Klitzke, initiated this action on November 12, 2019. (Doc. # 1.) Subsequently, on March 24, 2020, Plaintiff filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of North Dakota, Case No. 20-30160 ("Bankruptcy Case"). Gene Doeling was appointed Trustee in Plaintiff's Bankruptcy Case.

On May 14, 2020, Mr. Doeling filed an Application for Order Authorizing Employment of Special Counsel for the Chapter 7 Trustee, in which he sought to employ Bruckner Burch PLLC to represent him in the matter. The Bankruptcy Court approved his request and entered an Order Employing Special Counsel. Bruckner Burch PLLC also represents Plaintiff in this case.

The Trustee filed the instant Motion to Intervene on September 1, 2020, wherein he seeks to intervene as Plaintiff in this matter. (Doc. # 56.) Defendant Balance Environmental & Safety Solutions, Inc. ("Balance") filed a Response in Opposition on September 22, 2020, in which it chiefly disputes the timeliness requirement for intervention as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2). (Doc. # 58.) Defendant DCP Midstream, LLC joined Balance's Response. (Doc. # 59.) Mr. Doeling filed a Reply on October 6, 2020. (Doc. # 61.)

## II.   LEGAL STANDARDS

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, a nonparty seeking to intervene as of right must establish: (1) timeliness; (2) an interest relating to the property or transaction that is the subject of the action; (3) the potential impairment of that interest; and (4) inadequate representation by existing parties. *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017).

The Tenth Circuit follows "a somewhat liberal line in allowing intervention." *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010) (quoting *WildEarth Guardians v. USFS*, 573 F.3d 992, 995 (10th Cir. 2009)). To that end, the Tenth Circuit has explained that "[t]he factors of Rule 24(a)(2) are intended to 'capture

the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation,' and '[t]hose factors are not rigid, technical requirements.'" *Id.* (quoting *San Juan County v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007)).

### III.  DISCUSSION

In its Response, Balance argues that this Court should deny the Trustee's Motion to Intervene on the grounds that it is untimely and would prejudice Defendants. Herein, the Court finds that the Motion is timely and that the Trustee has satisfied the remaining requirements for intervention as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2)— i.e., an interest that may be impaired by the litigation and inadequate representation by existing parties.

### A.  TIMELINESS OF THE MOTION

"The timeliness of a motion to intervene is assessed 'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'" *Kane Cty., Utah v. United States*, 928 F.3d 877, 890–91 (10th Cir. 2019) (quoting *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001)). "[D]elay in itself does not make a request for intervention untimely." *Id.* (quoting *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1235 (10th Cir. 2010)). "The other factors in the test for untimeliness must also be considered." *Id.* (quoting *Tyson Foods*, 619 F.3d at 1235).

With respect to the Trustee's delay in filing the instant Motion, the parties are in agreement that approximately three months passed from the moment the Trustee knew

or should have known it had an interest in this case—May 14, 2020, the date the Trustee moved to have Bruckner Burch PLLC serve as special counsel in the Bankruptcy Case—and the Trustee's filing of the Motion to Intervene on September 1, 2020. However, "delay in itself does not make a request for intervention untimely," *Kane*, 928 F.3d at 890–91, and courts in this Circuit have allowed intervention in cases of two to five months of delay. *See, e.g., id.* at 891 (three-month delay); *Everest Indem. Ins. Co. v. Jake's Fireworks, Inc.*, 335 F.R.D. 330, 333 (D. Kan. 2020) (five-month delay). The remaining factors in the test for untimeliness weigh in favor of intervention.

With respect to whether intervention would prejudice the existing parties, the Tenth Circuit "requires that 'the prejudice to other parties ... be caused by the movant's delay, not by the mere fact of intervention.'" *Kane*, 928 F.3d at 891 (citation omitted). In this case, the only alleged prejudice to Defendants stems from the mere fact of intervention. *See* (Doc. # 58 at 9–10) (stating that new briefing and additional discovery will prejudice Defendants). "Even assuming this could suffice to show prejudice," Balance fails to meet the Tenth Circuit requirement that prejudice be caused by the movant's delay in particular. *See Kane*, 928 F.3d at 891 (concluding motion to intervene was timely where alleged prejudice of "having to respond to excess briefs" and delay of proceedings stemmed from the mere fact of intervention and not the movant's delay).

By contrast, the Trustee has demonstrated that he would be prejudiced by denial of the Motion to Intervene. If this Court were to deny the Motion, it would deny creditors access to a significant asset of Mr. Klitzke's bankruptcy estate—his cause of action in this case—and thereby undercut the aim of the bankruptcy system to "bring about an

equitable distribution of the bankrupt's estate among creditors holding just demands." *Kothe v. R.C. Taylor Tr.*, 280 U.S. 224, 227 (1930).

Further, unusual circumstances exist in this case in that the Trustee is not seeking to intervene on his own behalf:

> [A]s a bankruptcy trustee[,] [Mr. Doeling] serves to represent the interests of a potentially large number of general creditors and other interested parties in the estates he oversees. Thus, while he is only one party, he should be seen as representing numerous interests, which adds some extra weight to concerns regarding prejudice to him.

*City Bank v. Compass Bank*, No. EP-09-CV-96-KC, 2010 WL 1424275, at *5 (W.D. Tex. Apr. 6, 2010). Accordingly, in light of all the aforementioned circumstances, the Court finds that the Motion to Intervene is timely. *See Kane*, 928 F.3d at 890–91.

## B.   INTEREST THAT MAY BE IMPAIRED BY THE OUTCOME OF THIS CASE

In order to intervene as a matter of right, a movant "must have an interest that could be adversely affected by the litigation." *Id.* at 891 (quoting *San Juan Cty., Utah v. United States*, 503 F.3d 1163, 1199 (10th Cir. 2007)). Courts apply "practical judgment" when "determining whether the strength of the interest and the potential risk of injury to that interest justify intervention." *Id.* (footnote omitted). Establishing the potential impairment of such an interest "presents a minimal burden," *WildEarth Guardians*, 604 F.3d at 1199, and such an impairment may be contingent upon the outcome of litigation. *Kane*, 928 F.3d at 891 (quoting *San Juan Cty.*, 503 F.3d at 1203).

The Trustee has established an interest that could be adversely affected by the outcome of this case. Under 11 U.S.C. § 541(a)(1), the bankruptcy estate includes causes of action belonging to the debtor at the commencement of the bankruptcy case.

*Sender v. Simon*, 84 F.3d 1299, 1304–05 (10th Cir. 1996) (citations omitted). Mr. Klitzke filed the instant action before filing for bankruptcy. Accordingly, the Trustee has exclusive standing to bring the current claim on the bankruptcy estate's behalf. *See id.* at 1305; *see also Solano v. Am. Bankers Ins. Co. of Fla.*, No. CIV.A. 05-CV-01510-W, 2008 WL 961567, at *2 (D. Colo. Apr. 8, 2008) (citing *Sender,* 84 F.3d at 1305). As the litigation cannot proceed without the Trustee as a plaintiff, the Trustee's intervention "is necessary to protect its interests in the litigation." *Wilkerson v. Schirmer Eng'g Corp.*, No. CIV.A. 04-CV-00258WD, 2009 WL 2766716, at *2 (D. Colo. Aug. 26, 2009) (citing *City of Stilwell v. Ozarks Rural Elec. Coop. Corp.,* 79 F.3d 1038, 1042 (10th Cir. 1996)).

**C.     INADEQUATE REPRESENTATION BY EXISTING PARTIES**

Finally, in order to intervene as a matter of right, a movant must show that existing parties may not adequately represent its interest. "This burden is 'minimal,' and 'it is enough to show that the representation 'may be' inadequate.'" *Kane,* 928 F.3d at 892 (quoting *Nat. Res. Def. Council v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978)). "When a would-be intervenor's and the representative party's interests are 'identical,'" courts "presume adequate representation." *Id.* (quoting *Bottoms v. Dresser Indus., Inc.*, 797 F.2d 869, 872 (10th Cir. 1986)).

In this case, Mr. Klitzke's interests are not identical to the Trustee's. The Trustee serves to protect the rights of creditors to an equitable distribution of the assets of Mr. Klitzke's estate. Accordingly, although the interests of Mr. Klitzke and the Trustee are aligned in that both seek to obtain a significant financial award in this case, their motives

for obtaining such an award are distinct.[1] Consequently, the Court is satisfied that the Trustee has "met the minimal burden of showing that [his] interests may not be adequately represented by the existing parties." *Kane*, 928 F.3d at 892.

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that the Trustee may intervene in this case pursuant to Fed. R. Civ. P. 24(a)(2), and the Bankruptcy Trustee's Motion to Intervene (Doc. # 56) is GRANTED.

DATED: November 6, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

[1] The Court notes that, although the interests of the Trustee and Mr. Klitzke are not **identical**, their interests are aligned. As such, the Court rejects Balance's argument that Bruckner Burch PLLC's representation of both Klitzke and the Trustee presents a direct conflict of interest "given their adverse interests." (Doc. # 58.) Moreover, Bruckner Burch PLLC was appointed as special counsel to the Trustee, and employment of special counsel under 11 U.S.C. § 327(e) does not require the attorney to be a disinterested person. *See In re Song*, No. CC-07-1137-DMOPA, 2008 WL 6058782, at *7 (B.A.P. 9th Cir. Feb. 12, 2008), *aff'd sub nom, In re Won Ho Song*, 359 F. App'x 817 (9th Cir. 2009) (explaining that employment of special counsel under 11 U.S.C. § 327(e) does not require the attorney to be a disinterested person, unlike employment of general counsel under § 327(a)).